UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


UNITED STATES OF AMERICA

v.                                                                  Case No.  8:99-cr-345-T-23TBM

JORGE ECHEVERRIA
_____/

**ORDER**

Echeverria's "Petition For Writ of Error Audita Querela Title 28 U.S.C. § 1651" (Doc. 204) seeks "dismiss[al of] the rest of his conviction or remand for resentencing or any equitable remedies."  However, audita querela is unavailable to obtain an additional review of objections cognizable under 28 U.S.C. § 2255 after an earlier unsuccessful Section 2255 motion.  United States v. Holt, 417 F.3d 1172 (11th Cir. 2005).  See also Gonzalez v. Sec'y, Dep't of Corr., 366 F.3d 1253 (11th Cir. 2004), aff'd, 545 U.S. 525 (2005); United States v. Arevalo, 2010 WL 935648 (11th Cir. 2010); United States v. Davis, 352 Fed. Appx. 314 (11th Cir. 2009); Morales v. Fla. Dep't Corr., 346 Fed. Appx. 539 (11th Cir. 2009).

Echeverria pleaded guilty to conspiring to possess and possessing with the intent to distribute methamphetamine, for which offense he was sentenced to one hundred eighty-eight (188) months of imprisonment.  (Doc. 144)  The conviction and sentence were affirmed on direct appeal.  (Doc. 169)

Echeverria moved to vacate (Doc. 188) pursuant to Section 2255 alleging both a ground of ineffective assistance of counsel and a ground dependent upon the

applicability of Apprendi v. New Jersey, 530 U.S. 466 (2000). The order (Doc. 195) denying relief stated:

> Prior to the actual March 26, 2001, sentencing Echeverria's counsel filed an objection to the presentence report based on Apprendi. But on the date of sentencing, counsel withdrew the Apprendi challenge. 'Mr. Fernandez: I filed an additional objection when I first was appointed on the case that dealt with Apprendi. And that issue has been rendered moot by changes in the PSR.' Transcript of Sentencing Proceedings at 49 (Doc. 155).

Echeverria filed no appeal from the order denying the Section 2255 motion.

Six years later Echeverria again attacks the validity of his conviction and sentence by iterating arguments from the earlier Section 2255 motion (although re-casting the arguments in the language of audita querela) and claiming entitlement to a new sentencing based on United States v. Booker, 543 U.S. 220 (2005), and Blakely v. Washington, 542 U.S. 296 (2004).[*]

Nonetheless, Echeverria's "Petition for Writ of Error Audita Querela" is in actuality merely a second or successive Section 2255 motion that is subject to specific restrictions. Felker v. Turpin, 518 U.S. 651, 664 (1996) ("The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"). Section 2255 provides that:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain —

---

[*] Blakely and Booker are inapplicable to cases on collateral review. See In re Dean, 375 F.3d 1287, 1290 (11th Cir. 2004) ("Because Blakely, like Ring [v. Arizona, 536 U.S. 584 (2002)] is based on an extension of Apprendi, Dean cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."), and In re Anderson, 396 F.3d 1336, 1339 (11th Cir. 2005) ("Regardless of whether Booker established a 'new rule of constitutional law' within the meaning of §§ 2244(b)(2)(A) and 2255, the Supreme Court has not expressly declared Booker to be retroactive to cases on collateral review.").

- 2 -

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme court, that was previously unavailable.

Echeverria has not shown that he has obtained permission from the Eleventh Circuit to seek further redress. Echeverria cannot simply change the title of the document through which he seeks additional review and escape the preclusion of a second or successive proceeding. This restriction against simply changing the title of a document is not limited to <u>audita querela</u> petitions, but applies equally to a Rule 60(b) motion and a habeas petition pursuant to Section 2241. As explained in <u>Gonzalez</u>, 366 F.3d at 1262-63, 1277:

> [This case] concerns the category most frequently seen, which is second or successive § 2255 motions or § 2254 petitions cross-dressed as Rule 60(b) motions. Despite the clothing . . . put on it, [the motion] is not a true Rule 60(b) motion because it does not concern a defect in the earlier § 2255 proceeding which led to the judgment denying relief . . . . Stripped to its essence, [the petitioner]'s motion attacks the underlying judgment of conviction and sentence itself on grounds not asserted in the prior § 2255 proceeding.
> . . . .
>
> [A] petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60(b) is to be treated as an application to file a second or successive petition . . . .

<u>Accord</u> <u>Wofford v. Scott</u>, 177 F.3d 1236, 1245 (11th Cir. 1999) (a defendant will not be allowed "to use § 2241 simply to escape the restrictions on second or successive § 2255 motions."). Echeverria cannot use his <u>audita querela</u> petition to circumvent the bar against a second or successive motion.

- 3 -

- 4 -

Accordingly, Echeverria's "Petition of Error <u>Audita Querela</u> Title 28 U.S.C. § 1651" (Doc. 204) is **DENIED**.

ORDERED in Tampa, Florida, on August 20, 2010.

*[signature]*

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE